

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Andres FLORES-Rodriguez. ) <br> ) <br> ) <br> Defendant, ) <br> ) <br> _____ ) | Magistrate Case No. '21 MJ0125 <br><br> COMPLAINT FOR VIOLATION OF <br><br> Title 8, U.S.C., Section 1324(a)(2)(B)(iii)- <br> Bringing in Illegal Alien(s) Without Presentation |

The undersigned complainant being duly sworn states:

On or about January 13, 2021 within the Southern District of California, Andres FLORES-Rodriguez, defendant, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that alien, namely, A.D.L.L. had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Ramon A. Galindo Enforcement Officer
U.S. Customs & Border Protection

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1 on January 14, 2021.

HON, ALLISON H. GODDARD
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

The complainant states that A.D.L.L. is a citizen of a country other than the United States; that said alien has admitted he is deportable; that his testimony is material, that it is impracticable to secure his attendance at trial by subpoena; and that he is a material witness in relation to this criminal charge and he should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On January 13, 2021 at approximately 7:33 P.M., Andres FLORES-Rodriguez (Defendant), a United States citizen, applied for admission into the United States at the Otay Mesa Port of Entry from Tijuana, Baja California, Mexico through the vehicle primary lanes. Defendant was the only visible occupant of a 2007 light green Mitsubishi Eclipse bearing California License plates when he presented himself for inspection before a United States Customs and Border Protection (CBP) Officer. Defendant presented his United States passport card, and stated that he was going to San Diego, California with nothing to declare from Mexico. The CBP Officer queried Defendant's name in the computer database and received a computer-generated referral. Defendant was referred to secondary for further investigation.

In secondary, the vehicle was screened by a CBP Officer using an X-Ray device and noticed anomalies near the trunk area. A CBP Canine Enforcement Officer (CEO) Officer screened the vehicle with his assigned Narcotics Human Detecting Dog (NHDD), and advised of a positive alert near the rear area of the vehicle. Defendant stated to a CBP Officer that he could not retract the convertible top of the vehicle into its storage place because it was broken. A CBP Officer conducted a search of the convertible top storage area and noticed a person concealed. A metal cover around the area was impeding the concealed person from moving freely out of the compartment. The concealed person was asked about his wellbeing, but did not respond to any of the callings. A CBP Officer failed to remove the metal cover with a crow bar; therefore, a ratchet had to be used to remove the bolts that were keeping the metal cover in place. The CBP Officers were able to remove the hidden person from the compartment after approximately thirty minutes of struggling efforts. The individual was assisted out of the area and escorted to the security office for processing. The individual was later identified as A.D.L.L., (Material Witness), a citizen and national of Mexico without legal documents to enter, pass through or reside in the United States. The individual is being held as a Material Witness.

At approximately 11:59 P.M., Defendant was advised of his Miranda Rights and elected to make a statement. Defendant stated that he is the registered owner of the vehicle. Defendant admitted that the person that was hiding in his vehicle, was his in fact his cousin. Defendant did not want to answer any further questions and stated that he wanted to invoke his fifth amendment.

During a video-recorded interview, Material Witness stated he is a citizen of Mexico by birth in Zacatecas, Mexico with no legal entitlements to enter the United States. Material Witness stated his family made the smuggling arrangements and was going to pay an unknown amount. Material Witness stated he was going to Los Angeles, CA.